**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **RODNEY BUFORD** ] | |
| Petitioner, ] | |
| ] | |
| v. ] | No. 3:11-0748 |
| ] | Judge Sharp |
| **JERRY LESTER, WARDEN** ] | |
| Respondent. ] | |

### M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Jerry Lester, Warden of the facility, seeking a writ of habeas corpus.

#### A. Background

On February 25, 2004, a jury in Davidson County found the petitioner guilty of especially aggravated robbery and especially aggravated burglary. Docket Entry No.18-1 at pgs.21-22. At sentencing, the especially aggravated burglary conviction was "merged down" to aggravated burglary. Docket Entry No.17-6 at pg.5. The petitioner received a sentence of twenty five (25) years for the robbery conviction and six years for burglary, to be served consecutively, for an effective sentence of thirty one (31) years in prison. *Id.* at pgs.79-86.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the petitioner's convictions and sentences. Docket Entry

1

No.17-11. The Tennessee Supreme Court later denied petitioner's application for further review. Docket Entry No.17-13.

In October, 2006, the petitioner filed a *pro se* petition for post-conviction relief in the Criminal Court of Davidson County. Docket Entry No.18-1 at pgs.11-20. The trial judge summarily denied the post-conviction petition. *Id.* at pg.24. On appeal, the Tennessee Court of Criminal Appeals reversed the summary dismissal of the post-conviction petition and remanded the action for further proceedings. Docket Entry No.18-4.

Following the appointment of counsel and an evidentiary hearing, the trial court once again denied the petitioner's request for post-conviction relief. Docket Entry No.18-5 at pgs.51-57. The Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief, Docket Entry No.18-10, and the Tennessee Supreme Court declined petitioner's invitation to further review his petition. Docket Entry No.18-12.

**B. Procedural History**

On August 5, 2011, the petitioner initiated this action with the *pro se* filing of a petition for writ of habeas corpus (Docket Entry No.1). In the petition, the petitioner asserts five claims for relief. More specifically, he alleges that

> 1) trial counsel was ineffective for neglecting to obtain the services of a medical expert who would testify that the victim had not suffered serious

>     bodily injury;[1]
>
> 2)  trial counsel was ineffective for failing to file a motion to suppress the statement given by the petitioner to the police;
>
> 3)  appellate counsel was ineffective for failing to challenge the sufficiency of the evidence on appeal;[2]
>
> 4)  the trial court illegally enhanced the petitioner's sentence in violation of Blakely v. Washington, 542 U.S. 296 (2004); and
>
> 5)  the petitioner's convictions constitute a fundamental miscarriage of justice.

Upon receipt of the petition, the Court examined it and concluded that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.3) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court is respondent's Answer (Docket Entry No.16) to the petition (Docket Entry No.27), to which the petitioner has offered no reply. Having carefully considered the petition, respondent's Answer and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir.

---

[1] At trial, the petitioner was represented by Allegra Montgomery-Walker and Laura Dykes, assistant Public Defenders for Davidson County.

[2] On direct appeal, the petitioner was represented by Emma Tennent, an assistant Public Defender in Davidson County.

3

2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

**C. Analysis of the Claims**

**1) Procedurally Defaulted Claim**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 107 S.Ct. 1671, 1674-1675 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 102 S.Ct. 1198, 1205 (1982). A claim has been fairly presented when the petitioner has raised both the factual and legal basis for his claim in the state courts. Fulcher v. Motley, 444 F.3d 791, 798 (6th Cir. 2006). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Wilson v. Mitchell, 498 F.3d 491, 498-99 (6th

4

Cir. 2007).[3]

The petitioner alleges that his convictions constitute a fundamental miscarriage of justice (Claim No.5). This claim, however, was never raised in the state courts on either direct appeal or during post-conviction proceedings. *See* Docket Entry No.17-9 (direct appeal); Docket Entry No.18-8 (post-conviction). Unfortunately, at this late time, state court remedies for this claim are no longer available. Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to his fundamental miscarriage of justice claim. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of a federal constitutional issue forfeits the right to federal review of that issue, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional

---

[3] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

5

violation. Wainwright v. Sykes, 97 S.Ct. 2497, 2505 (1977); Engle v. Isaac, 102 S.Ct. 1558, 1573 (1982). The petitioner has offered no cause for his failure to exhaust the fundamental miscarriage of justice claim in the state courts in a timely manner. Nor has he shown prejudice resulting from the alleged violation. Consequently, this claim will not support an award of habeas corpus relief.

**2) Fully Exhausted Claims**

The petitioner's remaining claims, i.e., the ineffectiveness of counsel (Claim Nos.1-3) and the Blakely issue (Claim No.4), were fully exhausted on the merits in the state courts on either direct appeal or during the post-conviction proceedings.

When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal

principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389.

**A) Ineffective Assistance of Counsel**

Three of the petitioner's claims attack the effectiveness of his legal representation. The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorneys' performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner first alleges that trial counsel was ineffective for failing to obtain the services of a medical expert

who would have testified that the victim had not suffered serious bodily injury (Claim No.1).[4]

There was overwhelming evidence against the petitioner which included the victim's testimony, Docket Entry No.17-3 at pg.12, and his confession. To counter this, counsel developed a defense strategy arising from the victim's brief stay in the hospital (a few hours), coupled with the testimony of the EMT that treated her on the way to the hospital, and the victim's medical records in an effort to show that she had not suffered serious bodily injury. Docket Entry No.18-6 at pgs.44-48.

Counsel did mount such a defense. Admittedly, she did not seek the services of a medical expert to bolster petitioner's defense. However, petitioner never asked counsel to arrange for this type of witness. *Id.* at pg.25. Nor did the petitioner produce such a witness at his post-conviction evidentiary hearing to show that this type of testimony would have been available. In fact, the petitioner acknowledged that a medical expert might not have been supportive of his defense. *Id.* at pgs.25-26. Consequently, the petitioner has failed to show both that counsel had been deficient in this respect and that he had suffered some sort of prejudice as

---

[4] An element of both especially aggravated robbery and especially aggravated burglary is that the victim suffered serious bodily injury. *See* Tenn. Code Ann. § 39-13-403(a)(2); Tenn. Code Ann. § 39-14-404(a)(2).

8

a result. This claim, therefore, has no merit.[5]

The petitioner next argues that counsel was ineffective for failing to file a motion to suppress his statement to the police (Claim No.2).

In the statement, the petitioner admitted to entering the victim's home, having an "altercation" with her, and taking some of her personal property. *Id.* at pgs.13-14. The petitioner believes that the statement should have been suppressed because, prior to giving the statement, he had been abusing drugs and alcohol and had not slept for a few days. *Id.* at pgs.14-15.

At the post-conviction evidentiary hearing, counsel testified that she had discussed the possibility of filing a motion to suppress with the petitioner. *Id.* at pg.40. After reviewing a videotape of the statement, however, she told the petitioner that such a motion would not be justified. *Id.* at pg.38. The trial judge also reviewed the videotape and found that the petitioner did not appear to be impaired in any way. Docket Entry No.18-5 at pg.55.

The petitioner admitted that he had been mirandized prior to questioning by the police. Docket Entry No.18-6 at pg.27. He signed a waiver of rights form stating that he understood his rights. On

---

[5] In his first amended post-conviction petition, the petitioner conceded that "the victim's injuries met the statutory standard for serious bodily injury." Docket Entry No.18-5 at pg.30. However, in a subsequent amended post-conviction petition, the petitioner stated that he was no longer willing to make such a concession. *Id.* at pg.32.

9

the waiver of rights form, the interrogating officer noted that the petitioner did not appear to be impaired in any way. Docket Entry No.18-7 at pg.102. From this, the Court finds that the petitioner has failed to show any credible basis for suppressing his statement to the police. Consequently, counsel was not ineffective for refusing to file a suppression motion that, in all likelihood, would have been denied.

The petitioner also believes that counsel was ineffective for failing to challenge the sufficiency of the evidence on appeal (Claim No.3).

An attorney is not ineffective for failing to raise every conceivable issue on appeal. The failure of appellate counsel "to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." McFarland v. Yukins, 356 F.3d 688,699 (6th Cir.2004); *see also* Jones v. Barnes, 463 U.S. 745 (1983)(there is no constitutional duty to raise every non-frivolous issue requested by the petitioner).

In this regard, there is little doubt that the evidence overwhelmingly established the petitioner's guilt. The victim had known the petitioner for several years and identified him as the man who had entered her home, assaulted her, bound her, and left with her personal property including an automobile. The petitioner gave the police a statement confirming these facts. The petitioner

10

was arrested at a motel after he had "pawned" the victim's automobile for some drugs. A sufficiency of the evidence claim would not, therefore, have had any favorable effect on the outcome of the petitioner's appeal. Accordingly, this claim lacks merit.

**B) Sentencing Issue - Blakely Claim**

Finally, the petitioner claims that the trial court erred in relying upon sentence enhancement factors that had not been determined by the jury (Claim No.4).

The constitutional guarantee of a jury trial proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by the jury or admitted by the defendant. Apprendi v. New Jersey, 530 U.S. 466,490 (2000). The relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but rather the maximum he may impose without any additional findings. Blakely v. Washington, 542 U.S. 296,303-04 (2004).

The petitioner was sentenced to consecutive terms of twenty five (25) years for especially aggravated robbery and six years for aggravated burglary, giving him an effective sentence of thirty one (31) years in prison. Docket Entry No.17-6 at pgs.79-86. Especially aggravated robbery is a Class A felony in Tennessee. Tenn. Code Ann. § 39-13-403(b). It is punishable by a sentence of 15-25 years in prison. Tenn. Code Ann. § 40-35-112(a)(1). Aggravated burglary

11

is a Class C offense. Tenn. Code Ann. § 39-14-403(b). The sentencing range for a Class C felony is 3-6 years. Tenn. Code Ann. § 40-35-112(a)(3). The minimum sentence within each range is the sentence that should be imposed unless enhancement factors justify an increase in sentence. Tenn. Code Ann. § 40-35-210(c)(1).

The petitioner received a sentence that exceeded the statutory minimum for each felony conviction. Thus, enhancement of the sentences would only be proper if the enhancement was based upon a prior conviction, or a fact either found by the jury or admitted by the petitioner. <u>Blakely</u>, *supra*.

At sentencing, the petitioner acknowledged everything about the crimes except for attempting to rape the victim. Docket Entry No.17-6 at pg.46. He admitted to stealing from people to support his drug habit, *Id.* at pg.56, and to hitting the victim. *Id.* at pg.59.

The trial judge premised the enhancement of the petitioner's sentences on a number of enhancement factors. Docket Entry No.17-6 at pgs.6-7. The enhancement of petitioner's especially aggravated robbery sentence was based upon petitioner's previous criminal convictions[6], a victim who was particularly vulnerable due to her

---

[6] The petitioner had previously pled guilty to evading arrest with a motor vehicle and the theft of property over $10,000. For these crimes he received a sentence of four years which was suspended and the petitioner was placed on probation. He subsequently violated the terms of his probation and the four year sentence was reinstated. Docket Entry No.17-6 at pg.7.

12

age, the petitioner's previous history of unwillingness to comply with the conditions of an early release, petitioner's lack of hesitation to commit a crime where the risk to human life was high, and the fact that the petitioner committed this crime while he was on probation. *Id.* at pgs.83-86.

The enhancement factors considered by the court when fashioning the sentence for aggravated burglary included those already enumerated above plus a victim that was treated with exceptional cruelty, a victim's injuries that were particularly great, and a crime that was committed under circumstances with a high potential for bodily harm.[7] *Id.* at pgs.79-83.

The petitioner admitted during the sentencing hearing that he had a history of failing to comply with the conditions of an early release. He also admitted that he was on probation at the time he committed these offenses. Docket Entry No.17-9 at pg.34. These admissions, coupled with the petitioner's previous convictions, were properly considered by the trial judge. However, the petitioner did not admit to, nor did the jury find, that the remaining enhancement factors were applicable in this instance.

---

[7] On direct appeal, the Tennessee Court of Criminal Appeals found that the trial court had erred in applying two of the enhancement factors (the victim was particularly vulnerable due to her age and a lack of hesitation to commit a crime where the risk to life was high). Docket Entry No.17-11 at pgs.7-8. Nevertheless, in light of petitioner's previous convictions and the applicability of the remaining enhancement factors, the sentences were affirmed.

Therefore, these factors should not have been considered by the trial judge. As a consequence, it appears that the petitioner was subjected to a Blakely violation.

The Supreme Court has held that a Blakely violation is subject to harmless error analysis. Washington v. Recuenco, 548 U.S. 212,221-222 (2006). An error of this type will not be deemed harmless if it had a substantial and injurious effect or influence in determining the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619,627 (1993). Habeas corpus relief is appropriate only if the constitutional error harmed the petitioner. Jensen v. Romanowski, 590 F.3d 373,378 (6th Cir.2009). In this regard, the Blakely error is considered harmless unless the Court has grave doubt as to whether a jury's findings would have entitled the petitioner to a lesser sentence. *See* Villagarcia v. Warden, Noble Correctional Institution, 599 F.3d 529,537 (6th Cir.2010).

The victim in this case was a 77 year old woman who knew the petitioner and his family. Docket Entry No.17-3 at pg.12. For that reason, she trusted the petitioner and let him into her home in the early hours of the morning. The petitioner threatened to kill the victim if she didn't give him money for drugs. *Id.* at pg.17. The victim gave him $50 and her car keys. He tied the victim up and gagged her. *Id.* at pgs.22-23. The petitioner bludgeoned the victim with a solid glass object until she lost consciousness. *Id.* at pg.31.

When the victim was found, she had a bloody gash on her head that required stitches to close. *Id.* at pgs.37-38. The victim's life was in danger due to the loss of a great deal of blood. Docket Entry No.17-4 at pg.57. She had multiple lacerations to her face and scalp. *Id.* Her left arm was in a cast for six weeks. Docket Entry No.17-3 at pg.33. The petitioner was arrested at a motel after he had "pawned" the victim's car in exchange for drugs.

The petitioner confessed to his involvement in the crime. He admitted that he had abused drugs and alcohol. The petitioner attacked the victim while he was on probation for another crime. He further admitted that he had violated the terms of an earlier probationary period. These admissions, petitioner's previous criminal history, and the specifics of this crime leave little doubt that the petitioner would have, under any circumstances, received the maximum penalty allowed by law. Consequently, the Court finds that the <u>Blakely</u> violation was harmless.

### D. CONCLUSION

For the reasons noted above, the petitioner has failed to state a claim upon which habeas corpus relief can be granted. Therefore, his petition will be denied and this action shall be dismissed.

_____
Kevin H. Sharp
United States District Judge